IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                                                           Civil No. 1:22cv325-HSO
Criminal No. 1:21cr9-HSO-RHWR-1

MASON CHARLES BROWN

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT MASON CHARLES BROWN'S MOTION [50] UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

BEFORE THE COURT is Defendant Mason Charles Brown's Motion [50] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. After due consideration of the parties' filings and relevant legal authority, the Court finds that Defendant's Motion [50] should be denied.

I. BACKGROUND

On January 12, 2021, the Grand Jury charged Defendant Mason Charles Brown ("Defendant" or "Brown") in a single-count Indictment [22] with violating 18 U.S.C. § 922(g)(1) by "knowingly possess[ing] a firearm, and the firearm was in and affecting interstate and foreign commerce," despite "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." Indict. [22] at 1. Defendant pled guilty to this offense on April 29, 2021, subject to a written Plea Agreement [34] with the Government. Minute Entry, Apr. 29, 2021; Plea Agree. [34]. On November 30, 2021, the Court sentenced Defendant

1

to 110 months' imprisonment, to be followed by three years of supervised release, a $10,000.00 fine, and $100.00 special assessment. J. [46]. Brown did not file a direct appeal.

Brown's Plea Agreement [34] with the Government contained several written waivers, including that he, while retaining the right to pursue a claim of ineffective assistance of counsel,

> expressly waives the following rights:
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agree. [42] at 4-6.

On November 29, 2022, Defendant filed the present Motion [50] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his Motion [50], Defendant raises five grounds challenging his conviction, four of which contest the constitutionality of 18 U.S.C. § 922(g)(1), and one disputing the sufficiency of the factual basis supporting his guilty plea. *See generally* Mot. [50]. Ground One argues that this Court had no subject-matter jurisdiction over the charged offense because it violates the Second Amendment and was void ab initio. *Id.* at 3. Ground Two challenges § 922(g)(1) as an attempt to amend the Constitution outside of Article V's amendment process, and that it is unconstitutional as applied to certain convicted felons. *Id.* at 5-7. Ground Three claims that Brown's guilty plea lacked a sufficient factual basis because the

Government did not show that he knew the firearm he possessed had traveled in or affected interstate or foreign commerce. *Id.* at 8-9. Ground Four asserts that § 922(g)(1) is a bill of attainder, and violates the Fourteenth Amendment because Brown cannot be deprived of his right to keep and bear arms unless he committed treason or engaged in insurrection or rebellion. *Id.* at 10-14. Finally, Ground Five asserts that § 922(g)(1) is unconstitutional in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). *Id.* at 14-15.

The Government has filed a Response [53], arguing that the Court should deny Defendant's Motion [50] because his claims are meritless, and he waived his various constitutional challenges in his Plea Agreement [34]. Resp. [53] at 6-12. Defendant has not filed a reply, and the time to do so has expired.

## II. DISCUSSION

A.  Legal standard

After a federal prisoner's conviction is final, there are four narrow and separate grounds upon which he may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

"[O]n collateral attack, a defendant is limited to alleging errors of a

'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)). Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under 28 U.S.C. § 2255 is therefore reserved for violations of constitutional rights, and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B.  Grounds One, Two, Four, and Five

Brown raises four constitutional challenges to 18 U.S.C. § 922(g)(1), all of which he waived through his written Plea Agreement [34] with the Government.[1]

A defendant can waive his right to file a § 2255 motion so long as the waiver is knowing and voluntary. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002). In the Plea Agreement [34], Brown waived various rights, including "the right to contest the conviction and sentence or the manner in which the sentence was

---

[1] Ground One also purports to challenge the Court's subject-matter jurisdiction over his offense of conviction, claiming that if Congress lacked the constitutional authority to enact § 922(g)(1), the Court lacked subject-matter jurisdiction over his criminal proceeding. Mot. [50] at 3. Subject-matter jurisdiction considers the Court's power to hear the case, and is a separate inquiry from Congress's power to enact the criminal statute. In considering a challenge to subject-matter jurisdiction in a criminal case, the Court asks only whether "the indictment charges that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes." *United States v. Rafoi*, 60 F.4th 982, 992 (5th Cir. 2023) (quotation omitted); *see also United States v. Stone*, No. 3:07-cv-1632-P, 2010 WL 11541600, at *3 (N.D. Tex. Mar. 30, 2010) ("Constitutional arguments, however, do not go to lack of subject-matter jurisdiction."). Here, the Indictment [22] indisputably charged Defendant with a "violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)," Indict. [22] at 1. Defendant's subject-matter jurisdiction challenge is meritless.

imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255," except for claims for ineffective assistance of counsel. Plea Agree. [34] at 5-6.

At his plea hearing, the Court reviewed these waivers with Defendant:

THE COURT: You are also waiving the right to contest the conviction and sentence or the manner in which the sentence is imposed in any post-conviction proceeding on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except for ineffective assistance of counsel claims. Do you understand that?
THE DEFENDANT: Yes, sir, Your Honor.

\*   \*   \*

THE COURT: Have you read each and every one of these waivers, Mr. Brown?
THE DEFENDANT: Yes, sir, Your Honor.
THE COURT: Have you discussed them with your attorney and asked him any questions you may have had about them?
THE DEFENDANT: Yes, sir, Your Honor.
THE COURT: And did you understand his answers to your questions?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand what these waivers mean and what their consequences are?
THE DEFENDANT: Yes, sir, Your Honor.
THE COURT: And do you fully and completely understand and knowingly and voluntarily agree to all of these waivers, along with all of the other terms of the plea agreement and the plea supplement?
THE DEFENDANT: Yes, sir.

Digital Audio File of Plea [37] at 15:05-26, 16:29-17:00.

Brown's challenges to the constitutionality of 18 U.S.C. § 922(g)(1) fall within the waiver of his right to bring a § 2255 motion. He has not claimed that this waiver was not knowing and voluntary, *see* Mot. [50], and his testimony at the plea hearing "carr[ies] a strong presumption of verity" that he understood that he was forfeiting these claims and that he voluntarily chose to do so, *see Blackledge v. Allison*, 431

5

U.S. 63, 74 (1977). The Court therefore finds that Brown's waiver was knowing and voluntary.

In the Fifth Circuit, there are "only two exceptions to the general rule that knowing and voluntary appellate and collateral-review waivers are enforceable: first, ineffective assistance of counsel, and second, a sentence exceeding the statutory maximum." *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020). Defendant's challenges do not fail within either of these categories, and accordingly, his waiver should be enforced. *Barnes*, 953 F.3d at 389; *see also United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022) (holding that a collateral attack waiver barred a § 2255 challenge to a defendant's conviction even though his conviction was predicated on a statutory clause found to be unconstitutional). Grounds One, Two, Four, and Five of Brown's Motion [50] are subject to his knowing and valid waiver contained in the written Plea Agreement [34], and should be denied.

C.   Ground Three

Ground Three of Defendant's Motion [50] claims that his guilty plea lacked a sufficient factual basis because it did not establish that he knew the firearms had moved in or affected interstate commerce. Mot. [50] at 8. This ground is also meritless.

Brown bases his argument on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See id.* In *Rehaif*, the Supreme Court noted that firearm offenses proscribed under § 922(g)(1) contain four elements: (1) a status element; (2) a possession element; (3) a

6

jurisdictional element; and (4) a firearm element, *Rehaif*, 139 S. Ct. at 2195-96, and for a valid conviction, "the Government [must] establish that the defendant knew he violated the material elements of § 922(g)," *id.* at 2196. Specifically, the Supreme Court held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Defendant does not contest that the factual basis of his plea proved that he knew he possessed a firearm and that he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. *See* Mot. [50] at 8-9; *see also* Digital Audio File of Plea [37] at 29:05-32:59 (factual basis of Defendant's plea establishing knowledge of possession of a firearm and multiple prior convictions where he was sentenced to serve more than a year in prison), 33:12-17 (Defendant acknowledging and agreeing with the factual basis). Instead, Brown asserts that the plea colloquy did not establish that he had knowledge that the firearm had moved in or affected interstate commerce, *id.*, and the Government had to prove knowledge of this "jurisdictional" element of § 922(g)(1) for there to be a sufficient factual basis for the plea, *see id.*

*Rehaif* provides no support for Defendant's argument. There, the Supreme Court specifically distinguished the jurisdictional element when discussing any required showing as to a defendant's knowledge:

> Jurisdictional elements do not describe the "evil Congress seeks to prevent," but instead simply ensure that the Federal Government has the constitutional authority to regulate the defendant's conduct (normally, as here, through its Commerce Clause power). Because

7

> jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter.

139 S. Ct. at 2196 (internal citation omitted) (quoting *Luna Torres v. Lynch*, 578 U.S. 452, 467 (2016)). In light of the general rule that jurisdictional elements are not presumed to require any scienter, "courts have routinely held that a criminal defendant need not know of a federal crime's interstate commerce connection to be found guilty." *Luna Torres*, 578 U.S. at 468.

Consequently, the Government did not need to prove that Defendant knew that the firearm had moved in or affected interstate or foreign commerce in order to establish that he had violated § 922(g)(1). *See Rehaif*, 139 S. Ct. at 2196; *Morton v. United States*, Nos. 3:19-CV-2144-N-BH & 3:16-CR-482-N(1), 2022 WL 2811852, at *5 (N.D. Tex. June 13, 2022) ("*Rehaif* did not impose a requirement on the Government to prove that a defendant knew the offense conduct affected interstate commerce."). The jurisdictional element requires only that the Government prove that the firearm traveled in or affected interstate or foreign commerce, which it did at the plea colloquy by establishing that the firearm possessed by Defendant had been manufactured in Brazil. Digital Audio File of Plea [37] at 32:12-32:51. Defendant agreed with all facts presented in the Government's factual basis. *Id.* at 33:12-17. The Court therefore finds that Defendant's challenge to sufficiency of the factual basis of his plea is meritless, and that this ground for relief should be denied.

### III. CONCLUSION

Because the Motion [50], files, and records conclusively show that Brown is entitled to no relief, the Court finds that Defendant's Motion [50] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Mason Charles Brown's Motion [50] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** without an evidentiary hearing.

**SO ORDERED AND ADJUDGED**, this the 22nd day of March, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE